# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.:

ANAHY VELASQUEZ,
    Plaintiff,
v.

CARDINAL HEALTH 414, LLC
d/b/a CARDINAL HEALTH,
    Defendant.
_____

## COMPLAINT (JURY TRIAL DEMANDED)

Plaintiff, ANAHY VELASQUEZ (herein "VELASQUEZ"), by counsel, sues Defendant, CARDINAL HEALTH 414, LLC, doing business as CARDINAL HEALTH (herein "CARDINAL HEALTH") and as grounds states as follows:

## PARTIES

1. VELASQUEZ is an individual and a citizen of the United States and the State of Florida. VELASQUEZ resides in Broward County, Florida.

2. Defendant, CARDINAL HEALTH, is a Delaware limited liability company whose principal place of business is in Dublin, Ohio. It is doing business within Broward and Palm Beach Counties, Florida.

3. This action is brought pursuant to the Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§2000(e) et seq.

## JURISDICTION AND VENUE

4. Jurisdiction arises under the provisions of 28 United States Code §1331 and §1343 in that it is an action brought pursuant to an Act of Congress which provides for the

protection of civil rights.

5. Venue is proper within the Southern District of Florida, as all of the events giving rise to this claim occurred within this judicial district.

## **GENERAL ALLEGATIONS**

6. On or about November 11, 2019, VELASQUEZ filed a Charge of Discrimination with the Equal Employment Opportunity Commission which issued a right to sue on January 23, 2020, which is within the previous ninety days of this date of filing.

7. VELASQUEZ was hired by CARDINAL HEALTH in 2014 and terminated on October 24, 2019.

8. VELASQUEZ's duties were to deliver radioactive isotopes to hospitals in South Florida for use in certain diagnostic and clinical equipment.

9. One of the duties CARDINAL HEALTH owed VELASQUEZ was to provide her a workplace free of discrimination and sexual harassment.

10. This duty extends to outside workplaces where Plaintiff was expected to perform her necessary duties.

11. One worker, Rudelmiro Santizo-Perez, was employed at three hospitals where VELASQUEZ would make deliveries. Santizo-Perez was constantly brushing up against her and touching her against her will. On one occasion he touched her groin.

12. VELASQUEZ duly reported the incident to her employer so that it could take steps to address the issue with its customers, the three hospitals. She told her employer that she did not feel safe working around him.

13. Instead of addressing her concerns, she was told that she was the only one making

complaints about Santizo-Perez and that she must continue servicing these accounts.

14. VELASQUEZ bought pepper spray to protect herself from Santizo-Perez.

15. In October 2019, Plaintiff made an error when making a delivery and encountering Santizo-Perez. She accidentally picked up the fresh material and left the expended material. While en route to her next stop, she realized her error, returned, redelivered the fresh product, and picked up the expended material.

16. On October 22, 2019, South Florida media outlets extensively covered the arrest of Santizo-Perez at the Houston International Airport as he tried to flee the country. He had been discovered to have placed video cameras in the ladies rooms of the three hospitals and recorded female users. He had amassed over a million images. Plaintiff herself would on occasion make use of those restrooms but is as yet unaware if he recorded her in the facility.

17. Two days later, Plaintiff was fired by CARDINAL HEALTH. It claimed she was terminated because of her delivery error as described above.

18. In reality, her termination was a part of a cover-up of CARDINAL HEALTH's failure to provide her a workplace free of sexual harassment and ignoring her complaints about Santizo-Perez.

## COUNT I
## SEXUAL HARASSMENT

19. Plaintiff readopts and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff was subjected to a sexually hostile working environment while working at CARDINAL HEALTH.

21. This sexually hostile environment was severe and pervasive and adversely effected the terms and conditions of her employment on account of sex in violation of the Title VII.

22. CARDINAL HEALTH did not investigate her complaints against Santizo-Perez who continued to harass her in violation of law.

23. Further, CARDINAL HEALTH took no steps to protect Plaintiff from having to work in an environment riddled with sexual harassment.

24. As a direct and proximate result of the Defendant's tolerance of a sexually hostile environment, Plaintiff was caused to endure emotional pain and suffering, humiliation, and acute emotional distress.

WHEREFORE, Plaintiff requests the following relief:

a. Entry of judgment for damages, including punitive damages, against the Defendant, CARDINAL HEALTH, and for Plaintiff's pain and suffering;

b. Declare that CARDINAL HEALTH unlawfully tolerated a sexually hostile environment;

c. Award costs, interest, and attorney's fees; and

d. Such other and further relief as may be deemed just and proper.

## COUNT II
## RETALIATION

25. Plaintiff readopts and re-alleges paragraphs 1 through 18 as if fully set forth herein.

26. By complaining to CARDINAL HEALTH about Santizo-Perez's behavior, VELASQUEZ engaged in protected conduct.

27. Once the situation was fully presented to Human Resources, the Defendant took no action either to investigate her complaints against Santizo-Perez and allowed him to continue harassing her.

28. When the press reported that Santizo-Perez had been arrested fleeing the country and that he was responsible for over a million images from these restrooms in the three hospitals, it realized that it had failed to properly investigate Plaintiff's complaints and protect her from Santizo-Perez.

29. Rather than acknowledge belatedly Plaintiff's complaints, the Defendant "double downed" and terminated her for making a delivery error to a hospital where the Defendant was working.

30. As such, the Defendant retaliated against Plaintiff in violation of Title VII.

31. As a direct and proximate result of CARDINAL HEALTH's efforts to cover-up its ignoring of Plaintiff's valid complaints, Plaintiff was terminated on October 24, 2019.

32. As direct and proximate result of the Defendant's retaliatory efforts, VELASQUEZ has sustained, and is currently sustaining economic and non-economic losses including, but not limited to, loss of income, emotional pain and suffering, humiliation, shame and mental anguish.

WHEREFORE, Plaintiff requests the following relief:

a. Entry of judgment for damages, including punitive damages, against the Defendant CARDINAL HEALTH and for plaintiff's pain and suffering;

b. Award of back pay and front pay;

c. Declare that CARDINAL HEALTH engaged in unlawfully discriminatory and retaliatory conduct;

d. Award costs, interest, and attorney's fees; and

e. Such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Attorneys for the Plaintiff*
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 641-3441