# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60402-RAR

ANAHY VELASQUEZ,

    Plaintiff,

v.

CARDINAL HEALTH 414 LLC,

    Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 49] ("Report"), entered on April 17, 2021. The Report recommends that the Court grant Defendant Cardinal Health 414 LLC's Motion for Summary Judgment [ECF No. 28]. Rep. at 1. Plaintiff Anahy Velasquez objected to the Report, *see* Pl.'s Objections to the Rep. and Recommendations [ECF No. 50] ("Objections"), and Defendant responded to those Objections, *see* Def.'s Resp. to Pl.'s Objections [ECF No. 51].

The Court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the Report to which objections are made are accorded *de novo* review so long as those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* FED. R. CIV. P. 72(b)(3). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.,* 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court having conducted a *de novo* review of the portions of the Report to which the parties objected, reviewed the remainder of the Report for clear error, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 49] is **AFFIRMED AND ADOPTED** as supplemented herein.

## ANALYSIS

Because Magistrate Judge Strauss's Report was thorough and well-reasoned, the Court adopts it in its entirety and writes briefly to address Plaintiff's four objections. First, Plaintiff argues that Magistrate Judge Strauss improperly weighed the evidence and exhibited "skepticism" with respect to Plaintiff's allegations, particularly by using the words "alleged" or "allegedly" when describing Plaintiff's testimony. Objections at 3-6. It is of course true that "[i]ssues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). But contrary to Plaintiff's assertions, the Report clearly credits Plaintiff's testimony in accordance with the Court's obligations to draw all reasonable inferences in favor of the non-movant at the summary judgment stage. *See, e.g.*, Rep. at 13 ("[B]ecause the parties dispute whether Plaintiff complained to Rodriguez[,] the Court must resolve the factual dispute in Plaintiff's favor as she is the non-movant."). "Judge [Strauss]'s use of the word 'alleged' does not show that [he] failed to review the facts presented in the light most favorable to Plaintiff." *In re Ne. Indus. Dev. Corp.*, No. 14-cv-7056, 2015 WL 3776390, at *4 (S.D.N.Y. June 16, 2015). The problem for Plaintiff is that even crediting that testimony, she failed to point to evidence in the record that would support her claims.

To establish an actionable hostile work environment under Count I of Plaintiff's Complaint, Plaintiff had to proffer evidence that (i) she belongs to a protected group; (ii) she was subjected to unwelcome harassment; (iii) the harassment was based on her protected class; (iv) "the harassment was sufficiently severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment"; and (v) "the employer is directly or vicariously liable for such environment." *Pizzini v. Sec'y for Dept. of Homeland Security*, 495 F. App'x 991, 993 (11th Cir. 2012). The requirement that the harassment be "severe or pervasive . . . contains both an objective and a subjective component. [] [T]o be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s] . . . to be abusive." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). This requires the Court to examine "the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

This brings the Court to Plaintiff's second objection, which is that the Report did not properly consider the totality of the circumstances surrounding Plaintiff's experiences with Mr. Santizo-Perez. Rep. at 7-8. There are two problems with this objection. For starters, it—like Plaintiff's other pleadings in this case—points to Mr. Santizo-Perez's alleged videotaping of *other* women in the bathroom. As the Report pointed out, there is no evidence in the record that Plaintiff knew about the hidden cameras at the time Santizo-Perez allegedly harassed her or that she was personally impacted by those actions. As a result, the Report correctly held that Mr. Santizo-Perez's alleged criminal activity is irrelevant to Plaintiff's sexual harassment/hostile work

environment claim. *See Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1250 (11th Cir. 2014) ("The totality of a plaintiff's workplace circumstances does not include other employees' experiences of which the plaintiff is unaware. . . . A reasonable person in the plaintiff's position is not one who knows what the plaintiff learned only after her employment ended or what discovery later revealed.") (internal citation omitted).

Plaintiff also insists that the Report "did not mention, much less credit" Plaintiff's testimony that she bought pepper spray for protection against Mr. Santizo-Perez and felt "extremely nervous" around him. Objections at 7. But this misunderstands the legal standard. While the referenced testimony would be relevant to the *subjective* part of the inquiry (whether she perceived the conduct to be abusive), the Court looks to the totality of the circumstances when assessing the objective component of the inquiry. *See Tonkyro v. Sec'y, Dep't of Veterans Affairs*, 995 F.3d 828, 837 (11th Cir. 2021) ("In evaluating the objective severity of the harassment, we look to the totality of the circumstances, including: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance.") (internal quotations omitted). The Report examined these factors in the context of binding case law and properly determined that the incidents with Mr. Santizo-Perez—which justifiably made Plaintiff feel uncomfortable—did not clear the "quite high" bar that the Eleventh Circuit has set in considering whether conduct is sufficiently severe to constitute discrimination as a matter of law. *See Manganiello v. Town of Jupiter Inlet Colony*, No. 12-80722, 2013 WL 6577377, at *7 (S.D. Fla. Dec. 16, 2013).

Plaintiff's third objection is that the harassment was "aggravat[ed] . . . by failing to conduct an investigation when reported." Rep. at 2, 8-9. While Plaintiff asserts that the "failure to

investigate" resulted in "expos[ing] untold numbers of women and girls to the prying eyes of [Mr.] Santizo-Perez[,]" Objections at 9, there is no evidence of that in the record, nor, as explained above, is there any evidence that Plaintiff knew about or was affected by Mr. Santizo-Perez's alleged criminal conduct. Moreover, because there is no stand-alone claim for failure to investigate, this objection fails to raise any relevant arguments to the Report's analysis and conclusions.

Finally, Plaintiff argues that the Report erred in rejecting Plaintiff's second claim for unlawful retaliation. Plaintiff claimed that she complained to her superiors about Mr. Santizo-Perez, but those complaints went unaddressed, and when Mr. Santizo-Perez was arrested over a year later, Defendant fired Plaintiff to cover up its failure to investigate her complaints. *See* Compl. ¶¶ 26-29. A plaintiff can show that she was unlawfully retaliated against because of protected conduct by showing "close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). But because the protected expression—Plaintiff's complaining about Mr. Santizo-Perez to Ms. Rodriguez—occurred more than a year before Plaintiff's termination, the Report concluded that Plaintiff did not establish temporal proximity. Rep. at 13-14. Plaintiff believes the Report erred by considering "solely the elapsed time from the report of sexual harassment from the termination" instead of "an alternative theory of causation where the arrest of Mr. Santizo-Perez provided the motivation for the termination[,]" which, according to Plaintiff, reflects "very close temporal proximity." Objections at 10.

There are two untruths told by Plaintiff here. While Plaintiff insists that Magistrate Judge Strauss "did not credit VELASQUEZ's testimony that she had informed Kathy Rodriguez" of these actions, Objections at 8, the Report states plainly that such testimony was credited. Rep. at

13 ("[B]ecause the parties dispute whether Plaintiff complained to Rodriguez – the Court must resolve the factual dispute in Plaintiff's favor as she is the non-movant."). And the Report *did* consider Plaintiff's "alternate theory of causation," and accurately noted that Plaintiff had failed to provide a single case to support her contention that the relevant date to compare can be a date other than that on which the protected expression occurred. Rep. at 14.

More importantly, as the Report notes, Plaintiff has provided no evidence that the revelations regarding Mr. Santizo-Perez played any role in Defendant's decision to terminate Plaintiff's employment. Nor has Plaintiff proffered any evidence to counter the evidence submitted by Defendant that she was terminated due to multiple workplace incidents. It is one thing to have a theory, and it is quite another to support that theory with evidence, as is necessary to defeat a motion for summary judgment. Magistrate Judge Strauss credited Plaintiff's testimony and correctly concluded that it was insufficient to raise a genuine dispute of material fact. *See Johnson v. Washington Metro. Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989) ("The removal of a factual question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony [and] unsupported by corroborating evidence[.]"); *Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp. LLC*, No. 16-22280, 2017 WL 5891463, at *5 (S.D. Fla. Oct. 24, 2017) ("[A] party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario.") (quoting *Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Tr.*, 541 F. App'x 443, 447 (5th Cir. 2013)); *In re Trasylol Prod. Liab. Litig.*, No. 08–1928, 2010 WL 6098570, at *8 (S.D. Fla. Mar. 8, 2010) ("Plaintiff provides no legal basis for the proposition that a plaintiff's self-serving testimony is sufficient to counter record evidence so as to create a triable issue of fact precluding summary judgment."). Thus, Defendant has shown that it is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 49] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion for Summary Judgment [ECF No. 28] is **GRANTED**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

3. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of June, 2021.

                                              **RODOLFO A. RUIZ II**
                                              **UNITED STATES DISTRICT JUDGE**